IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:19-CV-491-RJC-DCK

| | |
|---|---|
| AZUCENA ZAMORANO ALEMAN, Individually and as Administrator of the Estate of RUBIN GALINDO CHAVEZ<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE, DAVID GUERRA, Individually and Officially, and COURTNEY SUGGS, Individually and Officially,<br><br>Defendants. | **CONSENT DISCOVERY PROTECTIVE ORDER** |

THIS MATTER is before the Court upon the consent of the parties for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the production of information in discovery. It is expected that Plaintiff will request in discovery certain information and documents pertaining to this litigation whose disclosure is governed by N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-1.4A, including employee personnel records and records of criminal and internal investigations. Pursuant to the above listed statutes, certain information and documents that are required to be maintained confidential by Defendant City of Charlotte, but may be made available by order of a court. In order that the litigation of this matter may proceed, it is appropriate that, if requested, the information and documents governed by the above statutes be provided to Plaintiff, subject to appropriate protections contained in this Order.

In addition to the above, the parties would like the Court to address the handling of other sensitive information, such as Decedent's medical records, that may be exchanged by the parties through the discovery process during this litigation.

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential financial, commercial, personal or business information, which should be protected from unauthorized disclosure. Accordingly, the discovery of certain confidential documents and information may be conducted only pursuant to the following terms, conditions, restrictions and procedures of this Consent Protective Order.

It is hereby ordered that, pursuant to N.C. Gen. Stat. § 160A-168, N.C. Gen. Stat. § 132-1.4, and N.C. Gen. Stat. § 132-1.4A, that any documents and information that could be withheld in pursuance with the above listed statutes shall be produced to Plaintiffs in accordance with this Consent Protective Order, and that such documents and information and the discovery of other sensitive, confidential information shall be had only upon the following terms and conditions:

1. All information and documents produced and identified by either party as containing confidential information and designated as CONFIDENTIAL in accordance with this Consent Protective Order shall be treated as confidential and not disseminated or further disclosed except in accordance with this Consent Protective Order and within the course of discovery in this proceeding.

2. Either party may designate information, documents or things which it believes is subject to the confidentiality protections under this Order by placing on the face of such material the word "CONFIDENTIAL", or by otherwise notifying the non-disclosing party's counsel in writing

and specifically identifying the documents or information that it maintains is CONFIDENTIAL.

3. A party may disclose confidential information designated as confidential pursuant to this Consent Protective Order only to

   a. The Court;

   b. The parties and their counsel;

   c. Staff of counsel's law firm who assist with the preparation or filing of exhibits or other documents;

   d. Consultants or experts retained or who may be retained for litigation purposes;

   e. Witnesses or prospective witnesses for discovery or trial preparation; and

   f. Court reporters employed for the purpose of taking depositions.

4. Any person other than a party, a party's counsel and staff, court reporters and their staff, and the Court and its staff, who are provided with confidential information or shown confidential documents, shall execute the form attached as Exhibit A prior to disclosure of confidential information. The disclosing party shall transmit an executed copy of Exhibit A to the non-disclosing party within fourteen (14) days of the execution of Exhibit A.

5. Counsel for the parties shall keep a record of all person to whom disclosures are made and shall retain all disclosure forms signed by those persons.

6. The Defendants contend that within sixty (60) days of the final disposition of this action, all confidential discovery information subject to the provisions of this Order (including any copies

made and/or computer materials made or stored) that are not part of the court record or otherwise public record as defined by law shall be returned to the party that provided the materials and that no party shall be permitted to retain a physical or electronic copy of material previously provided or provided pursuant to this order unless such materials were made part of the court record or the Designating Party consents. No party shall be permitted to retain personnel information as defined by N. C. Gen Stat.§ 160A-168 unless such materials were made part of the court record or the subject employee consents. Counsel, however, may keep a confidential file copy of all case materials to meet record retention requirements.

7. The parties agree that the ultimate disposition of protected materials shall be subject to a final order of the court up completion of the litigation and that the terms of this order shall remain in full force and effect until such further order is entered.

8. Documents and information designated as CONFIDENTIAL may be utilized in the taking of depositions taken in the course of litigation. Either during the course of the deposition, or within fifteen (15) days of receipt of the transcript of a deposition, either party shall notify the other party as to which pages or portions of the deposition transcript contain confidential information subject to the terms of this Order.

9. During the course of discovery, when a party seeks to file with the Court confidential information or documents, including confidential portions of any transcript, the party shall submit such materials to the Court under seal through the ECF system or, if filed physically, in a sealed envelope or other appropriately sealed container, with the outside or covering of such container endorsed with the title of this action and a statement to the effect that the pages or document is **"Filed Under Seal Pursuant to Protective Order"**.

10. The production by either party of confidential information and documents pursuant to the terms of this Order shall not waive or prejudice the right of either party to object to the admissibility of the documents of information on other grounds; and the production of such information or documents shall not be considered an acknowledgement that the materials may be admissible into evidence at trial of this action.

11. In the event either party disputes the designation of information or documents as CONFIDENTIAL, counsel for the disputing party shall notify the designating party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed designation.

12. The party maintaining that the information or documents are confidential shall bear the burden to show that the information or documents are entitled to continued protection under the Order. During the pendency of such dispute or application and until the Court may rule otherwise, the information designated as CONFIDENTIAL shall remain subject to the designations and restrictions of this Order. Within ten (10) calendar days of the receipt of notice from the non-designating party's counsel that a CONFIDENTIAL designation is disputed, counsel for either party may apply to the Court for a ruling on the designation. The information shall be deemed "confidential information" until the parties either agree to its re-designation or the Court decides that the designated information is not confidential information.

13. The handling of information designated as CONFIDENTIAL at summary judgment or at trial shall be a matter addressed by the Court in a summary judgment order or at the final pre-trial conference. Parties may move to file under seal documents in support of or in opposition to

5

Case 3:19-cv-00491-RJC-DCK   Document 15   Filed 04/20/20   Page 5 of 8

summary judgment, and the Court will determine whether the documents should be/should remain sealed.

14. Nothing in this Order shall require disclosure of material which a party contends is protected from disclosure by the attorney-client privilege, as constituting attorney work product, or any other valid objection.

15. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify the Designating Party of the unauthorized disclosure(s) in writing; (b) use its best efforts to retrieve all copies of the Protected Materials; (c) promptly inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) request that the person or persons to whom unauthorized disclosures were made destroy any information, materials or documents not otherwise returned as well as any copies made thereof.

16. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two (2) days, or if more than ten (10) days, at least seven (7) days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party

from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

17. This Order does not apply to any documents or information which is deemed to be a "matter of public record" pursuant to N.C. Gen. Stat. §160A-168 or N.C. Gen. Stat. § 132-1.4.

18. This Order shall not prevent either party for applying to the Court for relief, or from applying to the Court for additional protective orders, or from the parties agreeing among themselves to the modification of this protective order, subject to the approval of the Court.

19. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again with the "Confidential" designation," prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been mark confidential when they were first produced.

20. This Order may be modified only upon further order of this Court.

Signed: April 20, 2020

David C. Keesler
United States Magistrate Judge

By Consent:

/s/ S. Luke Largess
S. Luke Largess
Tin Fulton Walker and Owen
llargess@tinfulton.com
*Counsel for Plaintiff*

/s/ Brian R. Hochman
Brian R. Hochman
Butler, Quinn & Hochman, PLLC
bhochman@butlerandquinn.com
*Counsel for Plaintiff*

/s/ Bradley W Butler
Bradley W. Butler
Butler, Quinn, and Hochman PLLC
Email: bbutler@butlerandquinn.com
*Counsel for Plaintiff*

/s/ Roger McCalman
Roger McCalman
Charlotte City Attorney's Office
Email: Roger.McCalman@cmpd.org
*Counsel for Defendant City of Charlotte*

/s/ Clarence Matherson Jr.
Clarence Matherson Jr.
Charlotte City Attorney's Office
Clarence.Matherson@ci.charlotte.nc.us
*Counsel for Defendant City of Charlotte*

/s/ Lori R. Keeton
Lori R. Keeton
Law Offices of Lori Keeton
lkeeton@lorikeetonlaw.com
*Counsel for Defendant David Guerra*

/s/ Daniel E. Peterson
Daniel E. Peterson
Parker Poe Adams & Bernstein, LLP
Email: danielpeterson@parkerpoe.com
*Counsel for Defendant Courtney Suggs*

9